UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
HORACIO LAMARCHE,

          Plaintiff,

-against-

SERGEANT ANGASTO, CITY OF NEW YORK,
and NEW YORK CITY DEPARTMENT
OF HOMELESS SERVICES,

          Defendants.
------------------------------------------------------------------X

Docket #:10-cv-561(FB)(LB)

**AMENDED COMPLAINT**

<u>Plaintiff Demands a Jury Trial</u>

      Plaintiff, by his attorney, GARY N. RAWLINS, Esq. as and for his Complaint respectfully alleges, upon information and belief:

      1.    This is a civil litigation action seeking damages against Defendants for committing acts under color of law, and depriving Plaintiff of rights secured by the Constitution and laws of the United States. On or about April 28, 2007, Defendants New York City (hereafter "NYC"), New York City Department of Homeless Services (hereafter "DHS"), and Sergeant Angasto (hereafter "Defendant Angasto") while acting in his capacity as an officer of NYC, unlawfully and improperly attacked, assaulted, and repeatedly hit the Plaintiff, and caused him to suffer serious and permanent personal injuries, thereby depriving of liberty without due process of law, and depriving of rights, privileges and immunities as guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States. The Court has jurisdiction over this action under 42 U.S.C. § 1983, 28 U.S.C. § 1343, and 28 U.S.C. § 1331. Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §2201, compensatory and punitive damages for the violation of his civil rights pursuant to 42 U.S.C. §§1981, 1983, 1985 and 1986 and an award of costs, disbursements and attorneys fees under 42 U.S.C. §1988. All causes of action not relying

exclusively on the aforementioned federal causes of action as a basis of this Court's jurisdiction are based on the Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear state law causes of action. As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper pursuant to 28 U.S.C. §§ 1391 (b) and (c).

2. The Plaintiff, HORACIO LAMARCHE, at all times herein mentioned resided at 1 Keener Building, Wards Island, NY 10035.

3. At all times mentioned herein, Defendant NYC was and still is a domestic municipal corporation, created, organized and existing by virtue of the laws of the State of New York. Upon information and belief, Defendant Angasto was and still is a NYC employee, and a resident of Kings County, New York.

4. At all times herein mentioned, Defendant NYC and Defendant Angasto stood in such a relationship with each other in providing law enforcement services as to make each other liable for the acts and omissions of others.

5. At all times herein mentioned, Defendant Angasto was employed by the New York City Department of Homeless Services at the police security desk at a homeless shelter located at 1 Keener Building, Wards Island, NY 10035, and this Defendant acted toward Plaintiff under the color of statutes, ordinances, customs and usage of the State of New York, City of New York.

6. On or about April 28, 2007, while inside of the homeless shelter ran and operated by the New York City Department of Homeless Services, located at 1 Keener Building, Wards Island, NY 10025, Defendant Angasto attacked and assaulted Plaintiff by hitting him, knocking to the floor, punching and kicking. As a result, Plaintiff had to be taken by ambulance to the Metropolitan Hospital for an emergency treatment.

## AS AND FOR A FIRST CAUSE OF ACTION
## FOR UNREASONABLE FORCE
## IN VIOLATION OF PLAINTIFF'S 4TH AMENDMENT RIGHTS

7. Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as if set forth at length herein.

8. The amount and type of physical force used by Defendant Angasto on Plaintiff was unreasonable and violated Plaintiff's right to be secure in his person.

9. The amount and type of physical force used on Plaintiff's caused immediate injury and emergency hospitalization of Plaintiff at Metropolitan Hospital.

10. Immediately prior to the attack Plaintiff was listening to his radio through his headphones and eating his soup. Unbeknownst to plaintiff, Defendant Angasto, who served as a security police officer at the shelter, was standing behind plaintiff and trying to get Plaintiff's attention. Plaintiff was unable to hear the defendant and he never saw the defendant standing behind him. Plaintiff continued to listen to his radio when Defendant Angasto suddenly and violently pushed Plaintiff into the locker. Defendant Angasto caused Plaintiff to fall, spilling his soup over his face, chest, bed and the floor. Defendant Angasto continued to beat Plaintiff on his face and body while Plaintiff was on the floor. At that point, other officers joined Defendnat Angasto in beating Plaintiff, and dragged him into an elevator. Plaintiff was beaten in the elevator and then taken to an office space where Defendant Angasto and other officers continued to assault him. All of this happened without justification or probable cause.

11. Defendant Angasto failed his to act as a reasonable officer would under the circumstances.

12. Plaintiff was listening to his radio and eating his soup and did not pose a threat to the public safety prior to and at the time of the incident.

13. As a result of excessive force, Plaintiff, a citizen of the United States, was

subjected to deprivations of his constitutional rights under the Fourth Amendment.

14. As a result, Plaintiff has been damaged in an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction over this matter.

## AS AND FOR SECOND CAUSE OF ACTION
## FOR FAILURE TO INTERVENE
## TO PREVENT THE VIOLATION OF PLAINTIFF'S CIVIL RIGHTS

15. Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as if set forth at length herein.

16. Defendant Angasto acted under the color of law and Defendant NYC failed to intervene to prevent his unlawful conduct.

17. At all times mentioned herein, Defendant NYC, his officers, agents, servants, and employees were under an affirmative duty to intercede on behalf of Plaintiff to prevent the violation of Plaintiff's constitutional rights, and those present failed to do so.

18. The other officers who helped Defendant Angasto assault Plaintiff were NYC's employees and had the power to prevent or aid in preventing the commission of the assault, and neglected and refused to do so.

19. The other officers who helped Defendant Angasto displayed a deliberate indifference to the violation of Plaintiff's constitutional rights, when they knew or should have known that the Defendant's actions in assaulting Plaintiff were a constitutional violation.

20. As a result of the foregoing, Plaintiff has been damaged in an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction over this matter.

## AS AND FOR THIRD CAUSE OF ACTION
## FOR NEGLIGENT HIRING, TRAINING AND SUPERVISION
## AGAINST DEFENDANT NYC

21. Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as if set forth at length herein.

22. At all times mentioned herein, Defendant NYC and DHS knew that its employees, including Defendant Angasto, engaged in the unlawful practice of asserting their authority through violent assaults on American citizens.

23. Defendants knew and/or should have known that such practice poses a risk of a violation of Plaintiff's constitutional rights and disregarded that risk.

24. Defendants acquiesced and condoned such practice, and failed to stop it and train and supervise to develop an alternative way of asserting their authority.

25. At all times mentioned herein, Defendants knew and/or should have know that it hired and continued to employ individuals who were unfit for the official duties delegated to them in that they abused their official authority and committed violations of constitutional rights of American citizens, including Plaintiff.

26. Defendants hired and continued to employ individuals unfit for the law enforcement responsibilities to which they were assigned.

27. Defendants hired and continued to employ individuals engaging in the unlawful practice of assaulting citizens, including Plaintiff, without any justification.

28. Defendants negligently, with reckless disregard of the risk, and with deliberate indifference created a situation where it was likely that its officer, Defendant Angasto, due to his aggressive temper and propensity for violence would engage in unlawful acts during the course of his employment and cause others, including Plaintiff, to be unlawfully assaulted and deprived of constitutional rights.

29. Defendants deliberately turned a blind eye to the actions of employees like Defendant Angasto and in fact acquiesced in and condoned the acts of its employees.

30. As a result of the foregoing, Plaintiff has been damaged in an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction over this matter.

AS AND FOR FOURTH CAUSE OF ACTION
FOR ASSAULT AND BATTERY IN VIOLATION
OF PLAINTIFF'S CONSTITUTIONAL RIGHTS

31. Plaintiff repeats and re-alleges each and every allegation set forth above with the same force and effect as if set forth at length herein.

32. At all times herein mentioned Defendant Angasto committed un-permitted harmful and offensive contact upon Plaintiff, committing battery. Defendant intended to cause such harmful and offensive contact, and did in fact cause it.

33. At all times herein mentioned, Defendant created a reasonable apprehension in Plaintiff of immediate harmful and offensive contact, committing assault. Defendant intended to create such apprehension, and caused, permitted, and allowed Plaintiff both physical and emotional distress.

34. As a result, Plaintiff has been damaged in an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction over this matter.

WHEREFORE, Plaintiff HORACIO LAMARCHE demands a judgment awarding damages against each Defendant in all causes of action in an amount that exceeds the jurisdictional amounts of all lower courts that would otherwise have jurisdiction; together with interest, attorney fees, the costs and disbursements of this action, and such other and further relief as to this Court seems just and proper.

Dated: July 15, 2010
      New York, NY

Respectfully submitted,

By: Gary N. Rawlins
*Attorney for Plaintiff*
The Rawlins Law Firm, PLLC
80 Broad Street, 5th Floor
New York, NY 10004
Phone: (212) 926-0050
Fax: (212) 926-0059

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X     Docket #:10-cv-561(FB)(LB)
HORACIO LAMARCHE,

                      Plaintiffs,

                                                         AMENDED SUMMONS
                                                                    &amp;
                                                                    COMPLAINT

          -against-

SERGEANT ANGASTO, CITY OF NEW YORK,
and NEW YORK CITY DEPARTMENT
OF HOMELESS SERVICES

                                  Defendants.
------------------------------------------------------------X

                        RAWLINS LAW FIRM, PLLC
                           Attorney for Plaintiff
                         80 Broad Street 5th FL
                         New York, NY 10004
                            (877) 855-3604
                            (646) 332-1592

To:    Alexandra Corsi, Esq.
        *Corporation Counsel of the City Of New York*
        Attorney for Defendants City of New York
        New York City Department
        of Homeless Services
        and Sergeant Angasto,
        100 Church Street
        New York, New York 10007
        (212) 788-1252

Service of a copy of the within is hereby admitted

Dated:_____

Attorney(s) for Defendant(s)

PLEASE TAKE NOTICE

☐    That the within is a (certified) true copy of a
     Entered in the office of the clerk of the within named court on

NOTICE OF ENTRY

☐    That an Order of which the within is a true copy will be presented for settlement
     to the Hon. _____ one of the judges of the within named Court.

NOTICE OF SETTLEMENT
Dated:
STATE OF NEW YORK, COUNTY OF KINGS
The undersigned, an attorney admitted to practice on the courts of New York State