UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
HORACIO LAMARCHE,

               Plaintiff,

    -against-

SERGEANT JAVIER AGOSTO and THE
CITY OF NEW YORK

              Defendants.
------------------------------------------------------------------------X

Docket #:10-cv-561(FB)(LB)

**AMENDED COMPLAINT**

**Plaintiff Demands a Jury Trial**

      Plaintiff, by his attorney, GARY N. RAWLINS, Esq. as and for his Complaint respectfully alleges, upon information and belief:

      1. This is a civil litigation action brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution against Officer JAVIER AGOSTO, a police officer of the City of New York, in his individual capacity and against the City of New York. The Court has jurisdiction over this action under 42 U.S.C. § 1983, 28 U.S.C. § 1343, and 28 U.S.C. § 1331.

      2. Mr. Lamarche is seeking damages against Defendants for committing acts under color of law, and depriving him of rights secured by the Constitution and laws of the United States. It is alleged that on or about April 28, 2007, Defendants New York City (hereafter "NYC"), through its agency, the New York City Department of Homeless Services (hereafter "DHS"), and Sergeant AGOSTO (hereafter "Defendant AGOSTO") while acting in his capacity as an officer of NYC, unlawfully and improperly attacked, assaulted, and repeatedly hit the Plaintiff, and caused him to suffer serious and permanent personal injuries, thereby depriving of liberty without due process of law, and depriving of rights, privileges and immunities as guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States. It is further

alleged that these violations and torts were committed as a result of the policies and customs of the City of New York.

3. Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §2201, compensatory and punitive damages for the violation of his civil rights pursuant to 42 U.S.C. §§1981, 1983, 1985 and 1986 and an award of costs, disbursements and attorneys fees under 42 U.S.C. §1988.

## PARTIES

4. The Plaintiff, HORACIO LAMARCHE, at all times herein mentioned resided at 1 Keener Building, Wards Island, NY 10035.

5. At all times mentioned herein, Defendant NYC was and still is a domestic municipal corporation, created, organized and existing by virtue of the laws of the State of New York, City of New York and is the public employer of the said officers.

6. Upon information and belief, Defendant JAVIER AGOSTO ("AGOSTO") was and still is a NYC employee, and a resident of Kings County, New York. Defendant AGOSTO had attained the rank of Sergeant and was a supervisor with NYC.

7. At all times herein mentioned, Defendant NYC and Defendant AGOSTO stood in such a relationship with each other in providing law enforcement services as to make each other liable for the acts and omissions of others.

## FACTS

8. At all times herein mentioned, Defendant AGOSTO was employed by the New York City Department of Homeless Services at the police security desk at a homeless shelter located at 1 Keener Building, Wards Island, NY 10035, and this Defendant acted toward Plaintiff under the color of statutes, ordinances, customs and usage of the State of New York, City of New York. At all times defendant Sergeant AGOSTO acted within the scope of his employment and there is no evidence to date, other that the assertion of the City of New York post suit, to demonstrate otherwise.

9. On or about April 28, 2007, while inside the homeless shelter ran and operated by the New York City Department of Homeless Services, located at 1 Keener Building, Wards Island, NY 10025, Defendant AGOSTO attacked and assaulted Plaintiff by hitting him, knocking him to the floor, punching and kicking him.  After Mr. Lamarche was handcuffed, Defendant Agosto forcibly slapped him about the face and head.   The assault continued in room 119.  Mr. Lamarche dialed 911 and requested an ambulance and the police.  As a result, Plaintiff had to be taken by ambulance to the Metropolitan Hospital for an emergency treatment.

10.  Upon information and belief, when the police arrived, they asked AGOSTO whether he had struck Lamarche to which he gave a negative reply.

11.  Upon information and belief, prior to April 28, 2007, NYC caused permitted and allowed Department of Homeless Services ("DHS") officers to engage in attacks on homeless clients at DHS facilities and allowed officers to attack one another.  Such events were perpetuated by a "don't ask, don't tell" policy.

12. Specifically, the officers at DHS caused permitted and allowed a rogue group of officers known as The Punishers of Wards Island to assault and intimidate clients.  Upon information and belief, these officers beat and assaulted clients to comply with their wishes.

13.   Upon information and belief, Deputy Commisioner Michael Gagliardi, Leuitenant Brown, Glen Pannazolla, Director of Peace Officers Joe Garcia, Deputy Chief Marlene Hodge, Inspector Melvin Howard, Deputy Inspector Wallace Butler and Captain Stevie Arsi were aware that DHS peace officers were known to assault and intimidate clients and staff and did nothing to stop such behavior.

14. Upon information and belief, based on the "don't ask, don't tell" policy at DHS, Officer Glorione Murray did not want to report the incident she witnessed between Mr. Lamarche and Sergeant Agosto.

15. Upon information and belief, Glorione Murray faced retaliation from her supervisors for reporting a similar incident involving a Sergeant's assault on a case manager in October or November of 2003.

16. That Seargent was subsequently promoted to Lieutenant after serving a one month suspension.

17. Upon information and belief the retaliation against Officer Glorione Murray continued through 2010.

18. Upon information and belief, the above named supervisory staff held meetings every week with Defendant Agosto who was a Sergeant at the time. Defendant Agosto has since been promoted to Lieutenant.

19. Upon information and belief on or about April 28, 2007 AGOSTO attacked Mr. Lamarche.

20. Upon information and belief, Officer Glorione Murray saw the attack and attempted to stop AGOSTO from assaulting Mr. Lamarche, who was handcuffed at the time.

21. None of the other officers present reported seeing AGOSTO assault Mr. Lamarche.

22. Upon information and belief, In May of 2007, a Captain reinforced the DHS Police Policy of "Don't ask, don't tell" as it related to reporting client or staff assault by DHS officers.

23. Upon information and belief, it was the policy of the DHS supervisors to tolerate and condone assaultive behavior by officers. NYC failed to discipline officers and maintained inadequate internal affairs and citizen complaint procedures at DHS. NYC allowed the use of excessive force to go uncorrected.

<u>AS AND FOR A FIRST CAUSE OF ACTION
FOR EXCESSIVE FORCE
IN VIOLATION OF PLAINTIFF'S 4TH AMENDMENT RIGHTS AGAINST THE CITY OF NEW YORK</u>

24. Plaintiff repeats and realleges each and every allegation set forth above with the

4

same force and effect as if set forth at length herein.

25. At all times, Defendant SERGEANT AGOSTO was acting within the scope of his employment.

26. The amount and type of physical force used by Defendant AGOSTO on Plaintiff was unreasonable and excessive and violated Plaintiff's right to be secure in his person. The amount and type of physical force used on Plaintiff caused immediate injury and emergency hospitalization of Plaintiff at Metropolitan Hospital.

27. Immediately prior to the attack Plaintiff was listening to his radio through his headphones and eating his soup. Unbeknownst to plaintiff, Defendant AGOSTO was standing behind plaintiff and trying to get Plaintiff's attention. Plaintiff was unable to hear the defendant and he never saw the defendant standing behind him. Plaintiff continued to listen to his radio when Defendant AGOSTO suddenly and violently pushed Plaintiff into the locker. Defendant AGOSTO caused Plaintiff to fall, spilling his soup over his face, chest, bed and the floor. Defendant AGOSTO continued to beat Plaintiff on his face and body while Plaintiff was on the floor. At that point, other officers joined Defendant AGOSTO in beating Plaintiff. Mr. Lamarche was handcuffed and dragged him into an elevator. Plaintiff was beaten about the head and face in the elevator and then taken to an office space where Defendant AGOSTO continued to assault him. All of this happened without justification or probable cause.

28. Defendant AGOSTO failed to act as a reasonable officer would under the circumstances.

29. Mr. Lamarche did not pose a threat to the public safety prior to and at the time of the incident. At no time during the events described above was Mr. Lamarche intoxicated, incapacitated or disorderly. Mr. Lamarche did not commit any criminal offenses. Defendant Agosto had no warrant for the arrest of the plaintiff, no probable cause for the his arrest and no legal excuse to seize the person of Mr. Lamarche.

5

30. As a result of excessive force, Mr. Lamarche, was subjected to deprivations of his constitutional rights under the Fourth Amendment.

31. As a direct and proximate result of the said acts of the defendant Agosto, Mr. Lamarche suffered the following injuries and damages:

a. violation of his constitutional rights under the Fourth and Fourteenth Amendments of the United States Constitution to be free from unreasonable search and seizure of his person;

b. Loss of his physical liberty;

c. Physical Pain and suffering and emotional suffering and emotional trauma and suffering, requiring the expenditure of money for treatment. Plaintiff has been damaged in an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction over this matter.

## AS AND FOR SECOND CAUSE OF ACTION PURSUANT TO 42 U.S.C § 1983 AGAINST AGOSTO

32. Plaintiff repeats and re-alleges each and every allegation set forth above with the same force and effect as if set forth at length herein.

33. Defendant AGOSTO acted under the color of law and Defendant NYC, through its officers failed to intervene to prevent his unlawful conduct. Mr. Lamarche claims damages for the injuries set fourth above under 42 U.S.C. § 1983 against Defendant JAVIER AGOSTO for the violation of his constitutional rights under the color of law.

34. At all times mentioned herein, Defendant NYC, his officers, agents, servants, and employees were under an affirmative duty to intercede on behalf of Plaintiff to prevent the violation of Plaintiff's constitutional rights, and those present, with the exception of one officer, failed to do so.

6

35. The other officers who helped Defendant AGOSTO assault Plaintiff were NYC's employees and had the power to prevent or aid in preventing the commission of the assault, and neglected and refused to do so.

36. The other officers who helped Defendant AGOSTO displayed a deliberate indifference to the violation of Plaintiff's constitutional rights, when they knew or should have known that the Defendant's actions in assaulting Plaintiff were a constitutional violation. The DHS policy allowed AGOSTO to assault Mr. Lamarche without concern that he would be reported based on the "don't ask, don't tell policy."

37. As a result of the foregoing, Plaintiff has been damaged in an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction over this matter.

AS AND FOR THIRD CAUSE OF ACTION<br>FOR A 42 U.S.C. § 1983 CLAIM AGAINST THE CITY OF NEW YORK

38. Plaintiff repeats and re-alleges each and every allegation set forth above with the same force and effect as if set forth at length herein.

39. Prior to April 28, 2007, New York City developed and maintained a policies and customs exhibiting deliberate indifference to the constitutional rights of persons in New York City, and more specifically the homeless. This indifference and these customs caused the violation of Mr. Lamarche's rights.

40. It was the policy and/or custom of the City of New York to inadequately and improperly investigate complaints of police misconduct at DHS, and acts of misconduct were instead tolerated including but not limited to the following incident:

A. Glorione Murray faced retaliation from her supervisors for reporting a Sergeant's assault on a case manager in October or November of 2003.

B. The enforcement of a "don't ask, don't tell policy" as it relates to assaults on clients and staff.

41. It was the policy and/or custom of NYC to inadequately train and supervise its DHS police officers, thereby failing to discourage further constitutional violations on the part of its officers. NYC did not require appropriate in service training of officers who were known to have engaged in police misconduct. NYC negligently failed to train, warn and supervise DHS officers with respect to policing and emotional disturbed persons and those with psychiatric conditions.

42. As a result of the above described policies and customs, NYC police officers, including the DHS officers and Sergeant AGOSTO believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

43. The above described policies and customs demonstrated a deliberate indifference on the part of policymakers of the City of New York to the constitutional rights of persons within the City, and were the cause of the violations of plaintiff's rights alleged herein.

44. As a result, Plaintiff has been damaged in an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction over this matter.

WHEREFORE, Plaintiff HORACIO LAMARCHE requests that this Court:

    A. Award compensatory damages to plaintiff against the defendants, jointly and severally;

    B. Award cost of this action to the plaintiff;

    C. Award reasonable attorneys fees and costs to the plaintiff on Counts I-III of the complaint;

    D. Award such other and further relief as this Court may deem appropriate.

Dated:  March 15, 2012
         New York, NY

      Respectfully submitted,
      /s Gary N. Rawlins
      By: Gary N. Rawlins
      *Attorney for Plaintiff*
      The Rawlins Law Firm, PLLC
      80 Broad Street, 5th Floor-
      New York, NY 10004
      Phone: (212) 926-0050
      Fax:    (212) 926-0059

TO:

Corporation Counsel
*Attorneys for Defendants*
City Of New York
100 Church Street
New York, NY 10007
Attn: A.C.C. Alexandra Corsi, Esq.

JOHN V. DECOLATOR, ESQ.
Attorney for Defendant
Sergeant Javier Agosto
Tanner and Ortega, LLP
1415 Kellum Place
Garden City, New York 11530