UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
HORACIO LAMARCHE,

                          **MEMORANDUM AND ORDER**

             Plaintiff,         10-CV-561 (FB) (LB)

    -against-

SERGEANT AGOSTO and THE CITY OF
NEW YORK,

             Defendants.
-------------------------------------------------------------x

*Appearances:*  
*For the Plaintiff:*  
GARY RAWLINS, ESQ.  
The Rawlins Law Firm, PLLC  
80 Broad Street, 5th Floor  
New York, NY 10004  

*For Defendant City of New York:*  
MICHAEL A. CARDOZO, ESQ.  
Corporation Counsel, City of New York  
ALEXANDRA CORSI, ESQ.  
Assistant Corporation Counsel  
100 Church Street  
New York, NY 10007

**BLOCK, Senior District Judge:**

       Plaintiff Horacio Lamarche brings this action pursuant to 42 U.S.C. § 1983, alleging that Sergeant Javier Agosto[1] and the City of New York ("the City") violated his civil rights in connection with being assaulted at a homeless shelter. Plaintiff asserts two claims against the City: (1) that the City is liable for failing to intervene, and (2) that the City is liable based on a theory of municipal liability for failing to adequately train officers, failing to investigate and discipline officers for acts of misconduct, and cultivating a "don't ask, don't tell" culture. The City has moved for summary judgment as to these claims. For the reasons set forth below, the City's motion is granted. Since defendant Agosto has not moved for summary judgment, the causes of action brought against him remain.

---

[1]Javier Agosto's last name is spelled incorrectly in the caption as "Angasto." The Clerk is directed to amend the caption to reflect the correct spelling as "Agosto."

I.

The following facts are viewed in the light most favorable to plaintiff, as the non-moving party. *See Donnelly v. Greenburgh Cent. Sch. Dist. No. 7*, 691 F.3d 134, 137 (2d Cir. 2012). Plaintiff was residing at a New York City Department of Homeless Services ("DHS") shelter on Wards Island. He alleges that, on April 28, 2007, Agosto, an employee of the shelter, assaulted him in plaintiff's bedroom. After Agosto called for back-up, three other DHS officers arrived and handcuffed him. While they were all in an elevator, plaintiff and Agosto argued, and Agosto struck plaintiff in the face and chest. Officer Glorione Murray attempted to stop Agosto. Plaintiff was later taken to a hospital. After a DHS investigation, *see* DHS Mem., Bates Nos. DHS 67-73, Agosto agreed to a 10-day deduction from his annual leave balance, *see* Closing Mem., Bates Nos. DHS 74-75.

II.

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Although "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986), "[t]he non-moving party may not rely on conclusory allegations or unsubstantiated speculation," *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998).

A.  **Failure to Intervene**

The first claim that plaintiff asserts against the City is that the City failed to intervene to stop defendant Agosto from assaulting him. "[A]ll law enforcement officials have

2

an affirmative duty to intervene to protect the constitutional rights of citizens from infringement by other law enforcement officers in their presence." *Anderson v. Branen*, 17 F.3d 552, 557 (2d Cir. 1994). The Second Circuit has stated that "[a]n officer who fails to intercede is liable for the preventable harm caused by the actions of the other officers where that officer observes or has reason to know: (1) that excessive force is being used; (2) that a citizen has been unjustifiably arrested; or (3) that any constitutional violation has been committed by a law enforcement official." *Id.* (citations omitted).

As a result of plaintiff's vague and inconsistent allegations, it is unclear precisely what theory of liability plaintiff is asserting against the City for its failure to intervene. He may be contending that the City is liable because three officers, who are employed by the City, failed to intervene to stop Agosto from assaulting plaintiff. This claim must fail: plaintiff cannot assert it against the officers since they have not been named as defendants, and he cannot assert it against the City based solely on its employer status. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978) ("[A] municipality cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory."). Alternatively, plaintiff may be contending that the City itself, by virtue of its purported "don't ask, don't tell" culture, failed to intervene. This claim is properly construed as a municipal liability claim and fails for the reasons discussed below.

**B.     Municipal liability**

Plaintiff asserts a series of grounds for municipal liability against the City. Specifically, he alleges that the City has developed or maintained a custom or policy of failing

to adequately train officers, a custom or policy failing to investigate and discipline officers for acts of misconduct, and a "don't ask, don't tell" culture.  "[T]o hold a city liable under § 1983 for the unconstitutional actions of its employees, a plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." *Wray v. City of New York*, 490 F.3d 189, 195 (2d Cir. 2007) (internal quotation marks omitted).  The City is not vicariously liable unless a municipal custom, policy, or usage was the moving force behind the violation.  *See Jones v. Town of E. Haven*, 691 F.3d 72, 80–81 (2d Cir. 2012).

First, plaintiff alleges that the City failed to adequately train officers to prevent them from assaulting mentally ill, homeless individuals.  To be actionable, a municipality's failure to train must rise to the level of deliberate indifference, which requires a plaintiff to prove that policymakers retained the training program despite having "actual or constructive notice that a particular omission in their training program causes city employees to violate citizens' constitutional rights."  *Connick v. Thompson*, 131 S. Ct. 1350, 1359-60 (2011).  Plaintiff provides no evidence that the City had notice.  Further, Officer Murray testified that she *did* receive training pertaining to emotionally disturbed persons conducted by DHS and the New York City Police Department.  *See* Murray Dep. Tr. 6:13-7:13.  Thus, plaintiff's failure to train claim does not come close to the standard required to survive summary judgment.

Second, plaintiff alleges that the City fails to investigate complaints of misconduct, fails to discipline officers for acts of misconduct, and instead rewards misconduct. Although "deliberate indifference may be inferred if [repeated complaints of civil rights violations] are followed by no meaningful attempt on the part of the municipality to

4

investigate or to forestall further incidents," *Vann v. City of New York*, 72 F.3d 1040, 1049 (2d Cir. 1995), plaintiff's speculative assertions do not suffice. The City investigated the incident, and Agosto accepted a deduction of his annual leave balance to settle the charges against him. Plaintiff contends that the other officers were not punished for their inaction but cites no evidence to support this. Officer Murray described an incident in which she was disciplined for fighting with another officer, and an incident in which a sergeant, who shoved a case manager, was suspended but later promoted; however, this testimony does not support a widespread policy of failure to discipline.[2] Similarly, although plaintiff asserts that Agosto was promoted despite senior officials' awareness of the incident with plaintiff, he provides no evidence regarding this alleged knowledge.

Third, plaintiff alleges that the City has a "don't ask, don't tell" policy or a "de facto blue wall of silence." Not only does plaintiff fail to present sufficient evidence to support the existence of such a policy, but he also fails to present any evidence to establish that the purported policy caused the violation of his rights. He cites a DHS memorandum that states: "[Murray] recalled that when Capt. Rodriguez commented about her not saying anything to anyone about the incident and she replied, 'I don't volunteer information' that he said 'don't ask, don't tell.' Officer Murray said she responded 'exactly,' and that his response was 'good job.'" DHS Mem. at DHS 70. Yet plaintiff does not attempt to explain how this memorandum would be admissible at trial or why he did not depose its author or Captain Rodriguez. Moreover, Officer Murray did not corroborate this conversation. *See* Murray Dep. Tr. 141:12-

---

[2]Further, "only admissible evidence need be considered by the trial court in ruling on a motion for summary judgment," *Raskin v. Wyatt Co.*, 125 F.3d 55, 66 (2d Cir. 1997), and the testimony about the case manager incident constitutes hearsay.

5

16, 143:17-145:10. Instead, she testified that it was DHS policy for an officer to immediately report witnessing an occurrence, *id.* at 218:13-18, and she did not recall anyone from DHS ever telling her "don't ask, don't tell," *id.* at 148:4-7. Though she acknowledged there were "gossip, rumors and complaints, you shouldn't do this you should do that. Stay under the radar," *id.* at 149:23-150:2, she explained that she did not report the incident simply because she "didn't want to get involved with it" and "just wanted to stay out of it," *id.* at 218:19-219:10. Plaintiff states that Officer Murray was retaliated against for reporting misconduct, but her testimony does not support the existence of a "don't ask, don't tell" culture that caused plaintiff's rights to be violated. Plaintiff also provides no support for his assertion that other officers are afraid to speak up about wrongdoing they have experienced or observed.

Finally, for largely the same reasons that plaintiff fails to establish municipal liability based on a failure to train, failure to discipline, or a *de facto* wall of silence, plaintiff fails to present sufficient evidence regarding a custom or policy of failing to intervene.

### III

Because plaintiff has not raised a genuine issue of fact regarding the City's failure to intervene or the existence of a municipal policy that caused his rights to be violated, the City defendant's motion for summary judgment is granted. The claims asserted against defendant Agosto are unaffected by this judgment and shall proceed.

**SO ORDERED.**

_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
January 31, 2013